26 So.2d 698

EMERY v. TRUDEAU SYNDICATE, Inc.

No. 38020.

May 27, 1946.

F. Rivers Richardson, of New Orleans, for plaintiff and appellant.

Harold J. Winling and John F. Stafford, both of New Orleans, for defendant and appellee.

KENNON, Justice.

The plaintiff has appealed from a judgment of the district court maintaining an exception of no cause and no right of action in a proceeding in which he sought specific performance of a contract to sell certain tracts of land in Jefferson Parish, La. The agreement, dated January 6, 1928, and made a part of the petition, sets forth a consideration of $4,200, $172 cash, three notes of $600 each and one note of $2,228. The original petition states that the cash consideration was paid at the time of the execution of the agreement and that the notes had been paid or "discharged by operation of law".

A supplemental petition and copy of the $2,228 note annexed thereto discloses that the cash consideration and the three notes of $600 each were "duly paid", and that $1,628 remains unpaid on the $2,228 note, the last payment being made in January, 1932, more than five years prior to the filing of this suit.

The district court sustained the exception of no right and no cause of action, finding that "* * * The plaintiff in the matter never paid the promissory notes, * * *"; and holding that a purchaser cannot "* * * exact the transfer of property to him when he has never complied with the agreement or paid the price thereof".

This is not a case in which the purchaser wishes to pay the balance due and secure a transfer of title. No offer to do so is contained in the petition and, from the argument, it appears that the property is not worth even the unpaid portion of the purchase price. The sole question for decision is whether the purchaser, whose obligations as vendee have not been met, has

gained, through prescription, the right to specific performance.

 Under Subsection 3 of Article 1758 of the Revised Civil Code there still exists upon the part of the plaintiff a natural obligation to pay the prescribed portion of the purchase price. This undischarged obligation, although not enforceable at law as a civil obligation, remains as an equitable bar to plaintiff's action for specific performance.

Article 2487 of the Revised Civil Code provides that the seller, unless he has granted additional time, is not bound to make a delivery of the thing, if the buyer does not pay the price. A study of the petition and the attached note made a part of same, reveals that a substantial portion of the purchase price—though prescribed—nevertheless, remains unpaid. There is no allegation that the seller granted any extension of the term of payment. The Code provides plainly that the seller is not bound to make delivery "* * * if the buyer does not pay the price * * *".

We, therefore, conclude that one cannot secure specific performance of a contract of sale when a substantial part of the agreed consideration has not been paid by him, even though prescription has accrued upon his obligation evidencing this unpaid portion.

Judgment affirmed with costs.

HAWTHORNE, J., took no part.